# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **GEORGE D. FULLMORE,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. |
| | : 7:06-cv-32 (HL) |
| **SWIFT TRANSPORTATION CO., INC., and LEE MARSHALL,** | : |
| **Defendants.** | : |

## ORDER

Defendants removed this matter from the State Court of Lowndes County on April 20, 2006, and allege diversity as the basis for federal jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. This is particularly important here as Defendants seek to remove an ongoing case from state court to federal court. As such, Defendants bear the burden of proving that federal jurisdiction exists. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). Defendants have established neither diversity of citizenship nor the required amount in controversy.

**I. DIVERSITY OF CITIZENSHIP**

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).[1] Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, mere residency is not enough to establish citizenship for diversity jurisdiction.

Further, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2000). Although not defined by federal statue, a corporation's principal place of business has been defined by federal case law. The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. See Vareka Investments, N.V. v. American Investment Properties, Inc., 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

nerve center, or corporate offices, will be the principal place of business.'"MacGinnitie v. Hobbs Group, 420 F.3d 1234, 1239 (11th Cir. 2005) (quoting Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir. 1980). Accordingly, in order to establish the citizenship of a corporation it is necessary to allege not only under which state's law the corporation was incorporated, but also in which state the corporation's principal place of business is location.

Here, Defendants have failed to meet their burden. Defendants alledge that Swift Transportation Co., Inc., is a foreign corporation organized under the laws of the State of Arizona and that Lee Marshall is a resident and citizen of the State of North Carolina. Defendants' allegations are sufficient to establish the citizenship of Defendant Lee Marshall; however, the allegations do not establish the citizenship of Defendant Swift Transportation. In addition, Defendants' Notice of Removal fails to even allege the citizenship of Plaintiff George Fullmore. Accordingly, Defendants also fail to allege complete diversity.

## II. AMOUNT IN CONTROVERSY

Where a plaintiff makes an "unspecified demand for damages" in a state court complaint, a defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In contrast, where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below[$75,000]." Burns v. Windsor Ins. Co., 31

F.3d 1092, 1097 (11th Cir. 1994). In determining whether the amount in controversy is satisfied on removal, district courts look first to the original complaint to ascertain whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. If the jurisdictional requirement is not facially apparent courts look to the Notice of Removal and any additional evidence provided.

As the complaint in the present case specifies a specific damage amount, the legal certainty standard is applicable. To meet their burden Defendants must make an affirmative showing that "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." Burns, 31 F.3d at 1096. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

Here, Defendants have again failed to meet their burden. In an apparent attempt to satisfy this requirement Defendants state "[w]hen the Plaintiff fails to specify damages, the Defendants need show only that it does not appear to a legal certainty that the amount in controversy falls below the jurisdictional amount." Initially, the Court notes that the standard cited by Defendants is no longer the standard applicable in removal cases. Further, contrary to Defendants' assertion Plaintiff Fullmore's complaint identifies a specific damage amount. Finally, Defendants' assertion offers no more than a bare assertion that Plaintiff's claim

4

satisfies the amount in controversy requirement.

### III. CONCLUSION

As Defendants' allegations regarding diversity of citizenship and amount in controversy are insufficient to establish federal diversity jurisdiction, Defendants have twenty days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Defendants fail to do so, the case will be remanded to the State Court of Lowndes County for lack of jurisdiction.

**SO ORDERED**, this the 1st day of May, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs